ISAAC BROWN *vs.* WINONA & ST. PETER RAILROAD COMPANY.

September 13, 1880.

**Master and Servant—Negligence of Fellow-Servant.**—A master is not liable to one servant for injuries caused by the negligence of a co-servant in the same common employment. That the negligent servant is superior in authority, or an overseer of the one injured, does not take the case out of this rule.

Appeal by defendant from an order of the district court for Brown county, *Cox*, J., presiding, refusing a new trial.

*Wilson & Gale*, for appellant.

*S. L. Pierce, J. M. Thompson* and *B. F. Webber*, for respondent.

GILFILLAN, C. J.   Plaintiff was employed as a section man on the railroad of defendant.  One Jacks was employed by it as "road-master."  They, with others, were engaged in raising several wrecked freight cars, when plaintiff received a serious injury, by reason, as the complaint alleges, of the negligence, carelessness and unskilfulness of Jacks.   There is no allegation of negligence on the part of defendant in

employing Jacks, nor of the use of improper, defective or insufficient machinery to raise the wreck; and it appears from the evidence, beyond any question, that Jacks was a competent and proper person for the work in which he was engaged, and that the machinery was proper and sufficient; so that plaintiff's claim to recover rests on the alleged negligence and carelessness of Jacks in the manner of doing or ordering the work.

As appears from the evidence, the ordinary duties of section men are, under their foreman, to keep the track within their section in order, and, when called on by the road-master, to assist in raising and removing wrecked cars, even though within another section. The business of the "road-master" is to keep the track in order along the entire line, as we infer from the evidence, including the raising and removing of wrecked cars. For the purpose of performing his duties, he has authority over the section men. As to what he shall do, and when he shall do it, he is under the orders and control of the superintendent. He is the overseer of those he calls to assist him. In the manner of working, unless otherwise directed by the superintendent, he is left to his own judgment and discretion. But he has nothing to do with employing or discharging men, or providing machinery or tools to work with. Above him, in respect to authority, are, first, the superintendent; next, the manager, and the president and directors of the company.

That as a general rule the master is not liable to one servant for an injury caused by the negligence of another servant in the same common employment, is held by every court which decides according to the principles of the common law. This court so held in *Foster* v. *Minn. Central Ry. Co.*, 14 Minn. 360. The rule has strong considerations of public policy, as well as private justice, to sustain it. In the case of a stranger, the rule *respondeat superior* applies in all its force. In such case, the act of the servant within the scope of his employment, however inferior may be his grade or authority, is the

act of the master, and his negligence is the negligence of the master, for the consequences of which the latter is responsible, as he is for his personal act and negligence. The rights of the stranger against the master are not modified by any contract relation. The duties and rights of master and servant, with respect to each other, are controlled by the contract of employment, which impliedly imposes duties and risks upon each. No case, not governed by statute, holds the master liable at all events to a servant injured by the negligence of another servant in the same employment. No case intimates that the master is an insurer of the servant against possible injury.

The duties which the contract of employment imposes on the master are that, where machinery or instrumentalities are to be used in the work, he will exercise due care and caution in providing such as are fit and safe; and, where coservants are to be employed, he will use due care and caution in selecting such as are competent and careful. For injuries arising from failure to perform these duties the master is liable, and he cannot avoid the liability by deputing another to perform them in his stead. There are cases which appear to add to these duties the duty not to have the servant set, either by the master or by one whom he places in authority over him, to do work more dangerous than he engaged to do, or to do unusually hazardous work, where, from youthfulness or feebleness of intellect, the servant may be supposed to be unable to appreciate the danger and guard against it, or the hazards of which are known to the master, but are unknown to, and not open to the observation of, the servant. There is nothing in this case to make it necessary for us to decide on these propositions, or do more than allude to, without expressing any opinion on, them.

All the authorities, where there is no statute on the subject, agree that in the contract of employment the servant assumes such risks as—the master having performed the duties we have mentioned—are still necessarily incident to

the business or work which he engages to do, and which risks he may be taken to have in mind when he enters the employment. Where he is to work with or about machinery, as, notwithstanding any degree of care in providing it, there is still, ordinarily, the possibility of injury from its use, he must be supposed to take that risk on himself; and because, notwithstanding the utmost care and caution in selecting them, there is danger of injury from the negligence of fellow-servants, he is held to assume that risk. These are risks which are necessarily incident to the employment. As said by the court in *Brothers* v. *Cartter*, 52 Mo. 372, 375: "If a workman or servant is to work in conjunction with others, he must know that the carelessness of his fellow-servants may be productive of injury to himself, and he must know that neither care nor diligence by the master can prevent the want of due care and caution on the part of his fellow-servants. The servant, on entering upon the employment, is supposed to know and assume this risk." The reason here given for holding the servant to assume the risk of injury from negligence of his fellow-servants—to wit, that he must know, when he enters upon the employment, that neither care nor diligence by the master can prevent it—we think indicates what servants are to be regarded as fellow-servants, the risk of whose negligence is assumed by a servant when entering upon the employment.

It is upon this point that the authorities disagree. Some courts, the supreme court of Ohio being the leading one, hold that where the injured servant is subordinate to him whose negligence causes the injury, they are not "fellow-servants," and the master is liable. On the other hand, the great majority of courts, both in this country and in England, hold that mere difference in grade of employment, or in authority, with respect to each other, does not remove them from the class of fellow-servants as regards the liability of the master for injuries to one caused by the negligence of the other. If the servant is supposed to assume the risks which the master,

with due care and diligence, cannot prevent, and we think it is so, then he assumes the risks from negligence of those servants who may be placed over him as superior servants or overseers, as well as of those of equal grade with himself. For, in respect to such overseers or superior servants, the master, when he has used due care in selecting them, cannot prevent their casual negligence, any more than he can prevent the casual negligence of those inferior in grade. This conclusion is decisive of this case, for the road-master was no more than a superior servant or overseer, the risk of whose negligence was assumed by plaintiff when he entered upon the employment.

Order reversed, and new trial ordered.