CHARLES A. FRAKER *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

April 24, 1884.

**Master and Servant—Railway — Negligence — Fellow-Servants.**—The plaintiff, with other servants, was employed to assist in handling and removing cars in the yard of the defendant, including, also, as a part of his duty, the removal of damaged or broken cars to the proper place for repairs, under the direction of a foreman, who was subject to the orders of a yard-master and division superintendent. *Held* that, as respects risks arising from the acts and omissions of such foreman in the course of such employment, he was to be deemed the fellow-servant of plaintiff.

**Same—Risks Assumed by Servants.**—Where a master has exercised due diligence in the selection of employes, and in providing safe machinery and establishing suitable regulations for the safe and proper conduct of his business, the risks incident to the use and handling of such machinery, and the management of the details of the business, must be taken to be assumed by the employes to whom such duties are committed.

**Same—Removal of Damaged Cars—Regulations—Mistake of Damaged for Sound Car.**—The removal of damaged cars to a shop or repair track

[1] Dickinson, J., because of illness, took no part in this decision.

is necessarily incident to the business of a railway company, and it is not inconsistent with the proper discharge of its duty as master, in providing suitable regulations and arrangements for the transfer of such cars, that an employe assisting in such service should, through accident or the error or omission of a fellow-servant, be misled so as to mistake a damaged for a sound car.

**Same—Evidence—Burden of Proof.**—The burden rests upon the servant claiming to be injured in such case to show that the injury is the result of the master's default or negligence in respect to some duty belonging to him as master.

Appeal by defendant from an order of the district court for Hennepin county, *Lochren, J.,* presiding, refusing a new trial after verdict of $1,000 for plaintiff.

*R. B. Galusha* and *Benton & Roberts,* for appellant.

*Arthur M. Keith* and *Shaw & Cray,* for respondent.

VANDERBURGH, J. For the purposes of this appeal it must be taken as admitted that the plaintiff, at the time of the injury complained of, had been for several months in the employ of the defendant as a brakeman in the yard of the company at Minneapolis. It was his duty, in connection with an engineer, foreman, and other employes, to assist in handling and moving freight cars for different purposes, including damaged or broken cars which were required to be transferred to repair tracks in the same yard. While thus engaged with them in the course of his employment, on the day in question, in removing a damaged car, and while in the act of uncoupling it from an engine, and without fault on his part, his hand was severely injured, in consequence of the coupling attachment being out of repair, of which fact he was not at the time aware.

It was a matter of daily occurrence for these men to be so engaged in removing damaged cars. As to the particular car in question, it appears that it was promptly inspected by a car inspector after it was broken, and set out upon a side-track to be transferred to the repair track. The inspector at the same time caused "bad order" cards to be fastened on each side of it, in the customary way, which indicated that it was to be so removed for repairs, and the signification of which was well known and understood by the employes in the yard, includ-

ing the plaintiff. It thereupon became their duty, under the direction of their foreman, to remove this car to the proper place for repairs. The plaintiff had on a previous day observed this car, and that it was so marked; but, under the circumstances in which he was ordered to uncouple it, he did not recognize or identify it. The engine had been coupled to it, and the foreman, as we must assume from the verdict, gave plaintiff the wrong signal, indicating that it was to be sent to a track which was not in the direct line or route to the repair track, and ordered the plaintiff to uncouple the car from the engine at the proper time to carry into effect such order; and the latter, not understanding that the car was on the way to the repair track, mistook its character, and failed to exercise the proper caution in the process of uncoupling it. The plaintiff's evidence warrants the inference that if he had observed the marks upon the car,—which he did not do, being called to act quickly,—he would have proceeded more cautiously; and so, also, if the foreman under whom he acted had given the proper signal to indicate that the car was on the way to the repair track, he would in like manner have protected himself. This foreman was acting under a yard-master, who was his superior, and the latter in turn was subject to the orders of the division superintendent of the company. It does not appear that the foreman had any other responsibility than as above indicated. The plaintiff was employed to assist him in the matter of handling cars in the yard, as well damaged or broken cars as those for ordinary service and use.

1. As respects the discharge of such duties by the parties so employed, and any risks incident thereto, including the acts and omissions of the foreman, the latter must be regarded as the co-servant of plaintiff. *Brown* v. *Winona & St. Peter R. Co.*, 27 Minn. 162; *McCosker* v. *Long Island R. Co.*, 84 N. Y. 77; *Lawler* v. *Androscoggin R. Co.*, 62 Me. 463; *Weger* v. *Pennsylvania R. Co.*, 55 Pa. St. 460; *Brown* v. *M. & St. L. Ry. Co.*, 31 Minn. 553. The foreman was not deputed to act as the authoritative representative of the master, as superintendent or middle-man, vested with a discretion to control and manage a division or department of the business. Wharton on Negligence, (2d Ed.) § 235. And therefore, as to fellow-servants, his negligence in the discharge of such duties is not attributable to the

master.  We think, therefore, the court erred in refusing defendant's ninth request to instruct the jury "that the defendant was not liable for any negligence of its servants in the manner of removing the car, nor for any directions given by any one of them as to the manner of removal."    So, also, we think the court erred in assuming, in the second and third instructions, given at plaintiff's request, that the foreman, in the course of his employment in the matter of removing and handling damaged cars, was representing the master, and engaged in the performance of duties pertaining to the master, and not to a servant.    The duty of handling such cars, after inspection, belonged to these men as the servants of the company in their particular department of duty, irrespective of the particular grade of employment of each in the division of labor necessarily incident to the service.    And it was not a duty or service which was being performed by the foreman as master as respects the question of liability to other employes. In other words, it was a servant's and not a master's duty he was discharging.

2. It is the duty of the master to use reasonable diligence in the employment of servants to secure such as are competent and reliable, and to provide them safe and suitable machinery, appliances, and equipment, and also to establish and promulgate suitable and needful regulations for the safe and proper conduct of his business, having reference to its risks and exigencies.    These are duties which belong to the master as such, and in the performance of which he is bound to exercise such diligence for the protection of his employes; and if they are performed through an agent, of whatever grade, he must be deemed to represent the master, and the latter is accordingly responsible for their negligent performance.    *Slater* v. *Jewett*, 85 N. Y. 61, 73, 74; *Fuller* v. *Jewett*, 80 N. Y. 46.  But where there has been no lack of diligence on the part of the master in the performance of these duties, it is manifest that the use and operation of machinery, and the execution and management of the details of the business, must necessarily be committed to those who, from the nature of their employment for a common master and a common purpose, are co-servants, who must each, among the hazards of the employment, be deemed to assume the risk of the negligent acts, omissions, or mis-

takes of fellow-servants, just as he takes the risk of imperfections in machinery which may prove unsafe in fact, though selected and inspected with due care. *Rose* v. *Boston & A. R. Co.*, 58 N. Y. 217; *Besel* v. *N. Y. C. & H. R. R. Co.*, 70 N. Y. 171; *Wright* v. *N. Y. C. R. Co.*, 25 N. Y. 562; *De Graff* v. *N. Y. C. & H. R. R. Co.*, 76 N. Y. 125; *Ladd* v. *New Bedford R. Co.*, 119 Mass. 412; *Holden* v. *Fitchburg R. Co.*, 129 Mass. 268. In this case the car had been withdrawn from actual service in the business of the company, and duly inspected, and marked for repairs. That it was a damaged car in process of removal implied no negligence on the part of the company, and there is no contention that the defendant did not exercise due diligence in the matter of the employment and retention of its servants, or that the appliances and arrangements for the transfer of such cars, apart from the question of notice to plaintiff, were not adequate and suitable. *Flannagan* v. *Chicago & N. W. Ry. Co.*, 45 Wis. 98, 104; *Watson* v. *H. & T. C. Ry. Co.*, 58 Tex. 434.

3. The court modified the defendant's sixth request by inserting the words we have italicized, so that as given it reads as follows: "*Sixth.* The peril incident to the coupling of damaged cars is one to which every railroad brakeman may be exposed by the very nature of his employment, and one which at times must necessarily be incurred. The existence of such peril while such car is being taken to the place of repair implies no negligence whatever upon the part of the railway company, and is no ground for recovery by an injured brakeman *if he is either directly or by the circumstances notified that the car is damaged, or is being moved to a place for repairs.* It is a risk he assumes for himself." To such modification defendant excepted.

The vice of this instruction, as thus modified and given, is, we think, that it makes the question of the defendant's liability turn upon the fact of actual notice, directly or indirectly, to the brakeman, leaving out of view the question as to the exercise of due diligence by the company, in the matter of providing and publishing suitable regulations for the transfer of damaged cars, or the existence or effect of any usage which might be deemed equivalent thereto. It is clear that the arrangements and regulations made and in operation for the transfer of such cars might be reasonably suitable and proper for the

purpose, and yet, through some accident or misfortune, or some negligent act or omission of a fellow-servant in carrying them out, a brakeman or other laborer might be misled or misdirected, so as to mistake the character of the car or its destination; and mistakes or confusion in giving orders may be reasonably expected to occur without the fault of the defendant, or its superior or managing officers.

4. The question as to the existence or sufficiency of such regulations or usage on the part of the company does not seem to have been considered in this case, nor does the want of them appear to be shown.    In the absence of proof, the master will hardly be presumed to be in default; nor will it be presumed that regulations or precautions are insufficient because the foreman failed to do his duty. *Rose* v. *Boston & A. R. Co.*, 58 N. Y. 217, 222; Wood, Master & Servant, §§ 346, 419; *Davis* v. *Detroit & M. R. Co.*, 20 Mich. 105, 122; *Wright* v. *N. Y. C. R. Co.*, 25 N. Y. 562; Wharton on Negligence, § 243; 2 Thompson on Negligence, 1053.    In any event, if there was a regulation or usage established and existing, and known to plaintiff, amounting to a direction as to the disposition of damaged cars, and under which it was the duty of this crew of men to remove them to track No. 8, plaintiff must be deemed to have undertaken and continued in his employment subject to all the risks incident to such particular duty, and no liability would attach to the company on account of the mistakes or omissions of the foreman.    *Flannagan* v. *Chicago & N. W. Ry. Co.*, 50 Wis. 462; *Watson* v. *H. & T. C. Ry. Co.*, 58 Tex. 434; *Chicago & N. W. Ry. Co.* v. *Ward*, 61 Ill. 130; *Haskin* v. *N. Y. C. & H. R. R. Co.*, 65 Barb. 129; *S. C.* 56 N. Y. 608; *Wright* v. *N. Y. C. R. Co.*, *supra.*

*Fay* v. *M. & St. L. Ry. Co.*, 30 Minn. 231, has no application to the facts of this case.    There a freight car was negligently continued in actual use in the business of the company, without examination or repair, which were held to be duties belonging to the master.    And, as respects the company's rules for coupling cars, it was held merely that an employe could not be charged with contributory negligence in not observing a rule of which he had no notice, and which had fallen into disuse.

Order reversed, and a new trial granted.