JOHN GONSIOR vs. MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

February 2, 1887.

| 36 | 385 |
| 41 | 216 |
| 36 | 385 |
| 50 | 26 |
| 36 | 385 |
| J60 | 439 |

**Master and Servant — Fellow-Servants — Machinist's Helper and Round-House Foreman.**—*Held* that the foreman at a round-house of a railroad is a fellow-servant of an employe working under him, within the rule laid down in *Brown* v. *Winona & St. Peter R. Co.*, 27 Minn. 162.

Plaintiff brought this action in the district court for Hennepin county, to recover for personal injuries. At the trial before *Young*, J., it appeared that plaintiff had been employed about four years at defendant's round-house at Minneapolis as "truck packer," and acted also as machinist's helper. On January 28, 1886, he was ordered by the foreman at the round-house, one McCutcheon, to adjust a spring on a locomotive. He objected that he had no jack, those kept at the round-house being in use by other workmen. The foreman then told him he needn't use a jack; that he could take a "spring-puller" and pull down the spring without assistance. Plaintiff proceeded to do so, but while engaged in the work the spring-puller slipped, and two fingers of plaintiff's right hand were crushed. There was evidence that it was usual to employ two men in such work; that plaintiff had often been engaged in it, but never alone, and that to do the work with safety two men are needed. At the close of plaintiff's case the action was dismissed, and he appeals from an order refusing a new trial.

*Ankeny & Merrill*, for appellant.

*J. D. Springer*, for respondent.

GILFILLAN, C. J. The action was properly dismissed. Assuming that it was negligence on the part of the foreman at the round-house to order plaintiff to do the particular thing in which he was hurt, it was the negligence of a fellow-servant. There was no evidence of a failure on the part of defendant to furnish, for the use of its servants at the round-house, all proper and necessary instruments to do the work as safely as it can be done, nor that the foreman was not a skilful and competent man. The case is directly within the decision in

*Brown* v. *Winona & St. Peter R. Co.*, 27 Minn. 162, (6 N. W. Rep. 484.)

Order affirmed.

MITCHELL, J. I dissent. I think that McCutcheon, the foreman in charge of the round-house, from whom plaintiff received his orders, was, *as respects this plaintiff,* a vice-principal, and represented the defendant master.