## August Lindvall vs. John Woods and another.

### July 15, 1889.

Master and Servant — Fellow-Servants — Defective Trestle used in Building Railroad.—Defendants were engaged in grading a line of railroad. The work was done by cutting down one part, and with the material making a fill in another part adjacent. The material was conveyed from the cut to the fill in dirt-cars. In the dump these cars were run on a track laid on a temporary trestle, constructed with materials (sufficient in quality and quantity) furnished on the ground by defendants; and, as the dump was filled, this trestle was from time to time extended. Part of the men worked in the cut, others drove the teams which drew the cars, others unloaded the cars and shovelled on the dump, and another, one Johnson, framed the bents and built the trestle, but all were subject to be called, on the orders of the foreman, from one part of the work to

another. . A foreman, one Murdock, was in charge of the work, and gave all the orders to the men, where to work, and what to do. He also hired and discharged men on the work. On the occasion in question, it being desired to raise additional bents and lengthen the trestle, the foreman called upon plaintiff and one Peterson to assist Johnson. While plaintiff, Peterson, and the foreman were on the trestle, attempting to shove out two stringers to reach the new bent, the trestle fell, and plaintiff was injured. The cause of the accident was that the trestle was not properly braced. *Held,* that all those engaged in the different departments of this work (including the construction of the trestle) were fellow-servants; that the trestle was not a structure furnished by the defendants for their employes to work on, but was itself a part of the construction of the road, and a part of the work which they themselves were employed to perform.

**Same—Foreman held a Fellow-Servant.**—In the matter of building the trestle, the foreman was a fellow-servant with the workmen under him. It is not the rank of an employe, or his authority over other employes, but the nature of the duty or service he performs, which determines whether he is a vice-principal or a fellow-servant.

**Same — Foreman, when Vice-Principal and when Fellow-Servant.**— Whenever a master delegates to another the performance of a duty to a servant which rests upon himself absolutely, he is liable for the manner in which the duty is performed, and to the extent of the discharge of that duty the agent stands in the place of the master; but as to all other matters he is a mere co-servant with other employes.

This action was brought in the district court for Hennepin county, and tried before *Rea,* J., who ordered a dismissal at the close of the evidence for plaintiff. A new trial was refused, and the plaintiff appealed.

*Pierce, Arctander & Nickell,* for appellant.

*Shaw & Cray,* for respondents.

Mitchell, J. The defendants were engaged in grading a piece of the line of the St. Paul & Duluth Railroad. The mode of operation was to cut down one part, and with the material taken from the cut to fill a lower part adjacent. The material was conveyed from the cut to the fill in dirt-cars. In the dump these cars were run out on a track laid upon a temporary trestle, constructed with materials (sufficient in quantity and quality) furnished on the ground by the defendants; and as the dump was filled, the trestle was extended

from time to time, by raising additional bents and placing stringers and ties thereon. One crew of men worked in the cut, filling the cars; others drove the teams that drew the cars; others unloaded the cars, and tamped the dirt on the dump; and still another, one Johnson, framed the bents for the trestle, and attended to raising them, and putting in place the stringers and ties for the track; but all the men were subject to be called by the foreman from one department of the work to another. One Murdock was the foreman who had charge of all the men, and who gave them orders where to work and what to do. It also appears that he was in the habit of hiring and discharging men on the work. When Johnson was not engaged on the trestle, he assisted in shovelling on the dump. Whenever he wanted to raise new bents and extend the trestle, he called for help on the foreman, who sent some of the men, usually from the dump, to assist. The plaintiff, a common laborer, was hired by Murdock, and set to work on the dump, and that was his usual employment, although it does not appear that his contract of service was limited to any particular department of the work. He did anything he was told to do, and he had been called upon to assist on the trestle prior to the occasion of the accident. On the day in question, it being desired to raise some bents and extend the trestle, Murdock took plaintiff and one Peterson to assist Johnson. One bent had been raised, and the foreman, Peterson, and plaintiff were on the trestle, attempting to shove out two long stringers so as to reach the new bent, when the trestle upon which they were fell, and caused the injury complained of. The cause of the accident was that the bents of the trestle were not properly braced.

In the law of master and servant there are two familiar rules: *First*, that the master is not responsible to the servant for the negligence of another servant in the same common employment, unless the master was negligent in the employment of such fellow-servant; *second*, that the master is bound to use due care in furnishing safe structures or instrumentalities with which the servant is to work, and he is responsible if, through his own negligence or the negligence of other servants employed to furnish them, they are unsafe, and injury follows. We think the facts of this case bring it within the first

of these rules. The work which the defendants were engaged in was grading a railroad, and they employed various servants in different departments of labor on that work, but all liable to be called, upon the orders of the foreman, from one department to another. All those engaged in these different departments bore to each other the relation of fellow-servants. They were all serving the same master, under the same control, and all engaged in the same general work. The thing to be done was the building of the road, and the co-operation of all the employes in each department of the work was necessary to bring about that result. The trestle was not a structure furnished by the defendants for their employes to work on, but was itself a part of the work which they were employed to perform. It was a thing which they themselves made, and was as much a part of the construction of the road as was digging in the pit, loading cars, driving teams, or tamping dirt on the dump. *Kelley* v. *Norcross*, 121 Mass. 508; *Colton* v. *Richards*, 123 Mass. 484; *Killea* v. *Faxon*, 125 Mass. 485; *Peschel* v. *Chicago, Mil. & St. Paul Ry. Co.*, 62 Wis. 338, (21 N. W. Rep. 269;) *Gallagher* v. *Piper*, 16 C. B. (N. S.) 669. Johnson was a fellow-servant with plaintiff.

It is claimed, however, that Murdock, the foreman, was a vice-principal, and therefore, for any negligence on his part, the defendants were liable. The authorities upon the question when and under what circumstances the servant becomes the representative of the master are involved in much confusion and conflict, but any one desirous of examining them will find them exhaustively cited and classified in 7 Amer. & Eng. Cyclop. Law, under the head of "Fellow-Servants." But, under the doctrines announced in various decisions of this court, we think it must be held that in the work of constructing this road Murdock was a fellow-servant of plaintiff. In *Brown* v. *Winona & St. Peter R. Co.*, 27 Minn. 162, (6 N. W. Rep. 484,) it was held that difference in grade of employment, or in authority with respect to each other, does not remove employes from the class of fellow-servants, as regards the liability of the master for injuries to one caused by the negligence of the other. And, in speaking in that case of the basis upon which this rests, it is said: "If the servant is supposed to assume the risks which the master, with due

care and diligence, cannot prevent, * * * then he assumes the risks from negligence of those servants who may be placed over him as superior servants or overseers, as well as of those of equal grade with himself; for, in respect to such overseers or superior servants, the master, when he has used due care in selecting them, cannot prevent their casual negligence any more than he can prevent the casual negligence of those inferior in grade." On the same ground it was held in *Gonsior* v. *Minn. & St. Louis Ry. Co.*, 36 Minn. 385, (31 N. W. Rep. 515,) that "a truck-packer" and the foreman of a round-house were fellow-servants, although the former was subject to the orders of the latter. In *Olson* v. *St. Paul, M. & M. Ry. Co.*, 38 Minn. 117, (35 N. W. Rep. 866,) it was held that a section foreman and the sectionmen were fellow-servants; and in *Brown* v. *Minn. & St. Louis Ry. Co.*, 31 Minn. 553, (18 N. W. Rep. 834,) it was said that one employe becomes a vice-principal, as respects another, only when he is intrusted with the performance of some absolute and personal duty of the master himself, such as the providing of proper instrumentalities with which the service of an employe is to be performed, or the general management and control of the master's business or some branch of it. In the cases of *Fraker* v. *St. Paul, M. & M. Ry. Co.*, 32 Minn. 54, (19 N. W. Rep. 349,) and *Tierney* v. *Minn. & St. Louis Ry. Co.*, 33 Minn. 311, (23 N. W. Rep. 229,) the question whether the negligent employes were vice-principals or fellow-servants was made to depend, not upon their grade or rank, but upon the nature of the service which they performed; in the former case the defendant being held not liable because it was a servant's, and not a master's, duty which the employe was discharging, and in the latter the defendant being held liable because the employe was discharging a master's, and not a servant's, duty.

The result of these decisions would seem to be that it is not the rank of the employe or his authority over other employes, but the nature of the duty or service which he performs, that is decisive; that, whenever a master delegates to another the performance of a duty to his servant which rests upon himself as an absolute duty, he is liable for the manner in which that duty is performed by the middleman whom he has selected as his agent, and to the extent of a discharge

of those duties by the middleman, however high or low his rank, or however great or small his authority over other employes, he stands in the place of the master, but as to all other matters he is a mere co-servant. It follows that the same person may occupy a dual capacity of vice-principal as to some matters, and of fellow-servant as to others. Hence, in the present case, if the defendants delegated to Murdock, the foreman, the duty of employing laborers for this work, or of providing materials for the building of the trestle, and he had been guilty of negligence in employing incompetent men, or in furnishing improper material, the defendants would be liable, for these are duties which the master owes personally and absolutely to his servants. But in whatever he did on the work which was the object of their common employment, viz., the building of this road, he was a mere fellow-servant with the laborers subject to his orders; and for his negligence in such matters the defendants would not be liable, unless they were negligent in employing him, of which there is no claim.

It is urged upon the argument that Murdock was negligent in employing Johnson, an incompetent person, to build the trestle. It is sufficient answer to this to say that this is not the negligence charged in the complaint.

It is sought to bring the case within the rule of *Cook* v. *St. Paul, M. & M. Ry. Co.*, 34 Minn. 45, (24 N. W. Rep. 311,) where the defendant was held liable for an injury received by the plaintiff while temporarily engaged, under the orders of its superintendent, in a work wholly outside of that for which he entered its service, and outside of the line of the defendant's usual business. Both of the facts upon which that case was made to turn are wholly wanting in this. The work in which plaintiff was engaged when injured was not outside of that for which he entered the service, and it was directly within the line of defendants' usual business. Whatever negligence there was in this case on part of either Johnson or Murdock (within the allegations of the complaint) was in the common employment of building the road, as to which they were fellow-servants of the plaintiff. Therefore the action was properly dismissed.

Order affirmed.