JOHN FRASER *vs.* RED RIVER LUMBER COMPANY.

January 13, 1891.

**Negligence—Fellow-Servants — Defective "Steps" in Lumber Pile.**— The defendant, a manufacturer of lumber, had a mill, in which the lumber was sawed, and from which it was taken and piled in an adjoining yard. It employed in this yard a crew of men, part of whom were engaged in piling the lumber, while others were engaged in measuring, sorting, and scaling it. The plaintiff, who was one of this crew, was engaged in assorting and scaling, and had nothing to do with the piling. In accordance with the usual custom in piling lumber, boards were projected from the piles at certain intervals as steps on which to ascend and descend. The lumber contained sufficient sound and suitable boards for steps, and the men employed as pilers were competent men to perform that work. In making one of these piles, the pilers negligently projected, as a step, an unsound and unsafe board, and subsequently the plaintiff, while ascending the pile in the line of his duty, stepped on this board, which broke, causing him to fall, whereby he sustained personal injuries. *Held*, that the plaintiff and those who piled the lumber were fellow-servants, and therefore defendant was not liable.

After the decision of a former appeal, (42 Minn. 520,) in which the complaint was sustained as against a demurrer, this action was tried in the district court for Polk county, before *Mills*, J., and plaintiff had a verdict of $2,100. The defendant appeals from an order refusing a new trial.

*Wilson & Van Derlip*, for appellant.

*Wm. Watts*, for respondent.

MITCHELL, J. The defendant was engaged in the manufacture of lumber. It had a mill in which the lumber was sawed, and from which it was taken and piled in an adjoining yard. During the sawing season it employed in this yard a crew of from 40 to 60 men, a part of whom were engaged in piling the green lumber, while others were engaged in measuring, sorting, scaling, and delivering dry lumber. The plaintiff belonged to this crew, but his particular duties were assorting and scaling, and he had nothing to do with the piling. His duties took him constantly about the yard, and made him famil-

iar with defendant's manner of doing business, and with the workmen employed there. The lumber was piled in accordance with the usual custom in such yards. At certain intervals, boards were projected from the piles for steps on which to ascend and descend. It is not claimed that the defendant was negligent in the general method of conducting its business, and no question is made but that the employes who piled the lumber were perfectly competent to perform the duties in which they were engaged. It is also admitted that the lumber contained sufficient sound and suitable boards, out of which to make safe steps. In making one of these piles, the pilers, negligently, as the evidence tended to prove, projected, as a step, a knotty and unsafe board, and subsequently, while plaintiff, in the line of his duty as measurer and scaler, was ascending the pile and stepped on this board, it broke and he fell, receiving the injuries complained of. It is not pretended that the defendant knew of the defective character of the board. The contention of the plaintiff is that, under the familiar rule that it is the primary duty of the master to exercise ordinary care to furnish his servants with safe instrumentalities and places with which and in which to work, the men who piled the lumber, and projected boards for steps for the scalers and measurers to ascend and descend, were performing the master's duty, and hence that defendant is liable to plaintiff for their negligence. On the other hand, defendant's contention is that, while the scalers and measurers and the pilers were engaged in somewhat different departments of the work, yet they were all fellow-servants engaged in the same common employment, acting together under the same general control, and in carrying out one common object, and hence, under another familiar rule, the defendant is not liable.

The general rules of the law of master and servant and of "common employment" are tritely familiar, and seem in themselves very simple, but the difficulty lies in the application of them to the facts of a particular case. When and under what circumstances is one employe the fellow-servant of another employe of the same master, and when and under what circumstances is he a vice-principal or the *alter ego* of the master? It is, of course, well settled that this must be determined by the nature of the duties which he is performing. If

he is performing merely the duties of a servant, then, as to others engaged in the prosecution of the same common object, he is a mere fellow-servant; but, if he is performing a duty which the master primarily owes to his servants, then, as respects such duty, he is the representative of the master. But, while we have no disposition to impinge upon the just and salutary rule that makes it the primary duty of the master to furnish to his servants safe instrumentalities and places for work, yet we are satisfied that in many cases the courts, by indulging in too much refined and artificial reasoning, have carried the rule altogether too far, and have often held the master liable in cases where the untutored minds of laymen, in the exercise merely of common sense, would unhesitatingly say that the master had not been derelict in the performance of any duty towards his servants. When it is considered that, where numerous employes are all engaged in prosecuting the same general object, there is hardly one of them whose duties do not, in part at least, in some way relate to or affect the safety of the instrumentalities with which, or of the places in which, the others work, it is easy to see that the rule referred to may be, as it often has been, carried so far as to practically abrogate the whole doctrine of "common employment."

We shall not attempt to do what no court has yet been able to do, viz., to formulate a statement of the rule that will furnish a test by which to determine every case; but we may suggest that, in our opinion, an important consideration, often overlooked, is whether the structure, appliance, or instrumentality is one which has been furnished *for* the work in which the servants are to be engaged, or whether the furnishing and preparation of it is itself part of the work which they are employed to perform. If it be the latter, then, as is well settled by our own decisions, the master is not liable. It is also well settled that the application of this proposition is not limited to cases where the servants are engaged in the same department of the common service. *Foster* v. *Minn. Cent. Ry. Co.*, 14 Minn. 277, (360;) *Collins* v. *St. Paul & Sioux City R. Co.*, 30 Minn. 31, (14 N. W. Rep. 60;) *Brown* v. *Minn. & St. Louis Ry. Co.*, 31 Minn. 553, (18 N. W. Rep. 834;) *Roberts* v. *Chicago, St. Paul, M. & O. Ry. Co.*, 33 Minn. 218, (22 N. W. Rep. 389;) *Lindvall* v. *Woods*, 41 Minn. 212, (42 N.

W. Rep. 1020.)    We think the present case is not distinguishable in principle from that of *Lindvall* v. *Woods, supra.* All the men employed in this lumber-yard, whether pilers, scalers, sorters, or measurers, although engaged in different departments of the work, were all in the employment of the same master, under the same general control, and engaged in promoting the same common object.    All the different branches of labor, including the piling, were parts of the common every-day work of the yard.    The making of the piles, including the projecting steps, was itself but a part of the work which these men were employed to perform; and all who were engaged in that yard, whatever the particular line of their service, were as to each other, and as to every part of the common enterprise which they were promoting, fellow-servants.    Hence defendant is not liable to plaintiff for the negligence of those who piled the lumber.

Order reversed.