OLAF LUNDBERG v. SHEVLIN-CARPENTER COMPANY.[1]

May 6, 1897.

Nos. 10,414—(44).

**Duties of Master—Fellow Servants.**

> That portion of Laws 1895, c. 173, defining the duties of master and employes in certain cases, which reads in part as follows, viz. "to use reasonable care * * * to direct and supervise the performance of the work in a reasonably safe and prudent manner," is merely declaratory of the common law. Soutar v. Minneapolis, supra, p. 18, and Hess v. Adamant, 66 Minn. 79, followed.

**Same—Sufficiency of Evidence to Show Relation.**

> Evidence considered, and *held*, that plaintiff and certain other employes of defendant were fellow servants, and that the trial court was justified in dismissing the action.

Appeal by plaintiff from an order of the district court for Hennepin county, Smith, J., denying a new trial. Affirmed.

*F. D. Larrabee* and *Lane & Nantz*, for appellant.
*Koon, Whelan & Bennett*, for respondent.

BUCK, J. The appellant bases his right to recover upon the proper construction to be placed upon Laws 1895, c. 173. His contention is that this chapter imposes in part upon the master or employer the same duty to his employe as the common law, and that it also declares one duty not imposed by the common law, viz. the duty "to use reasonable care * * * to direct and supervise the performance of the work in a resonably safe and prudent manner." This is the language in part of the chapter above referred to. But this court, in the case of Soutar v. Minneapolis, supra, p. 18, the opinion in which was filed in this court at this term, held that this statute is merely declaratory of the common law and does not change the rules of law as to contributory negligence or assumption of risks by the servant, following the decision in Hess v. Adamant, 66 Minn. 79.

The plaintiff was an employe of the defendant, and, while so employed with another employe of defendant, piling lumber on a sort of carriage way, the plaintiff was injured by a load of lumber falling upon him. The lumber which they were engaged in piling was taken

[1] Reported in 70 N. W. 1078.

off from a small car that ran on rails into a dryhouse. This lumber was brought to them upon wagons by teamsters who were also employes of defendant. Samuelson was boss over Lundberg, and they had worked together for several weeks prior to the time of the injury, and also the previous summer, in that capacity. A few moments before plaintiff was injured, he and Samuelson were engaged in taking lumber from the ground and putting it into these small cars, which were then on the rails, intending to take it to the dryhouse; and while engaged in so doing two teams came up, drawing wagons loaded with lumber which they were to unload there, and which it was customary for these two men to assist in unloading. In the bottom of these wagons was a windlass or roll with a handle on the outside, so that in unloading they could take hold of it, and by rolling it the whole load of lumber would roll off from the back end of the wagon. As the two teams came up, Lundberg commenced assisting in unloading the lumber from the wagon which was first backed up in position, and he and the teamster turned the crane and rolled the lumber off from the rear of the wagon, when a chain which was bound around the load of lumber in some way got caught in something, and, while Lundberg was trying to get the chain loose, with his back towards the point where Samuelson was helping unload the other load of lumber, the latter and the teamster worked the roller of the other wagon off and against Lundberg, and thereby inflicted the injuries complained of.

At this time Lundberg was in plain sight of the two other men, at a distance of 10 or 12 feet. Samuelson was the only person representing the defendant company who represented or supervised this work, or directed the time or manner of doing it. Lundberg was not hired by Samuelson, but by some other person, a member of the defendant company, who told him to go and do whatever Samuelson told him to do. At the time when the case was called for trial, Samuelson was dead. Counsel for plaintiff frankly stated to the court that he could not prove that either of the two teamsters heard Samuelson give any directions to plaintiff about the work, or that he said anything to him, and that, under the circumstances, they could not prove by Lundberg what Samuelson said as to the work or manner of doing it. Thereupon defendant moved to dismiss the action, taking the foregoing facts to be true, upon the ground that they did not constitute a cause

of action, which motion was granted, and plaintiff appeals from an order denying a new trial.

In order to arrive at a correct conclusion as to the action of the trial court, these assumed facts should be considered in connection with the allegations stated in the complaint. The complaint is silent as to facts showing the necessity for a foreman to direct and supervise the performance of the work being done. It does not appear but what the plaintiff knew as much about the manner of doing the work as Samuelson. It is admitted that it was customary for both men to help unload this lumber, and plaintiff had worked there at this business the preceding summer. There is no allegation that the business was of a dangerous character, or that plaintiff was inexperienced in doing that kind of work. The admitted facts do not show that Samuelson was directing or supervising the work, or that there was any necessity for the supervision of a boss or foreman, nor that he ever gave him any direction in doing this kind of work. Samuelson did not hire plaintiff, and because the person who did hire him told him to do whatever Samuelson told him to do does not necessarily imply that in unloading this lumber the relation of master and servant existed between plaintiff and Samuelson. Apparently, from the facts stated, each had the same experience, skill, and knowledge about doing the work as the other.

We think that the whole facts clearly show that both Samuelson and Lundberg were actually engaged doing the same work of unloading the lumber in question as fellow servants, and that the injury was not caused by any improper directions or orders given by Samuelson to Lundberg; that the injury was the result of an accident, or the negligence of Samuelson or the teamster, or both, in which work all three were the fellow servants of the same master. Now, the rule laid down in Lindvall v. Woods, 41 Minn. 212, 42 N. W. 1020, is applicable here, viz. that it is not the rank of an employe, or his authority over other employes, but the nature of the duty or service he performs, which determines whether he is a vice principal or a fellow servant. Hence, whether Samuelson may have been vice principal or foreman of defendant in some kind of work is immaterial, as he was only a fellow servant in the work where plaintiff was injured, and the defendant is therefore not liable.

Order affirmed.