GEORGE PASCO v. MINNEAPOLIS STEEL & MACHINERY COMPANY.[1]

July 24, 1908.

Nos. 15,619—(158).

**Vice Principal—Fellow Servant—Test.**

The test by which to determine whether a servant was acting as a vice principal or as a fellow servant is whether at the time of injury he was intrusted with the performance of some absolute and personal duty of the master. Not the rank nor authority, but the nature of the service, controls.

**Vice Principal.**

That a foreman had the power to and did direct the progress of the work, and ordered another servant to do a particular thing whereby the servant was hurt, does not make the foreman a vice principal.

**Fellow Servants.**

Here plaintiff was ordered by a "straw boss" to throw a block under a casting which they were engaged in raising with a block, tackle, and hook, operated by a steam engine. Plaintiff said he did not like to do so, because of fear that the hook might slip off. The "straw boss" said: "He hold this time. He take the risk." While plaintiff was engaged in obeying the order, the casting fell and caused the injuries for which recovery is here sought. It is *held* that the plaintiff and the "straw boss" were fellow servants.

Action in the district court for Hennepin county to recover $15,000 for personal injuries. The case was tried before John Day Smith, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Larrabee & Davies,* for appellant.

*Lancaster & McGee,* for respondent.

JAGGARD, J.

Plaintiff and appellant, under the direction and supervision and control of what was known as a helper or "straw boss," was engaged with a block and tackle and hook, operated by a steam engine, in raising a large, heavy, tubular casting, with square corners on the outside, from one of its sides to one of its edges. The hook,

[1] Reported in 117 N. W. 479.

known as an "S hook," was placed under one leg or square corner of the casting. The power applied had raised one side of the casting about a foot and a half. The boss himself fastened the hook and was holding it. He ordered the plaintiff to block the casting up. He put in another block as directed. Thereupon the boss told plaintiff to pull the block back, because, he said, it had been thrown in too far. Whereupon plaintiff said he did not like to do so, fearing that the hook might slip off. The boss said: "He hooked it better. He says he hold this time. He says he take the risk." Plaintiff thereupon undertook to pull back the block underneath the cylinder, and was so engaged when the cylinder fell and injured his hand. Previously the casting had been raised a couple of times, the hook had slipped off, and the casting had fallen back. The court directed the jury to return a verdict for defendant. This appeal was taken from the order denying the motion for a new trial.

The essential question is whether the plaintiff and the helper or "straw boss" were fellow servants.

It is admitted by both parties that the test in this state by which to determine whether a person is acting as a vice principal or as a fellow servant in a particular instance is whether at the time of injury he was intrusted with the performance of some absolute and personal duty of the master himself. Neither the doctrine of separate departments nor of superior servant controls. Not the rank of the employee, nor his authority over other employees, but the nature of his duty or service, is decisive. Brown v. Winona & St. P. R. Co., 27 Minn. 162, 6 N. W. 484, 38 Am. 285; Drymala v. Thompson, 26 Minn 40, 1 N. W. 255; Lindvall v. Woods, 41 Minn. 212, 216, 42 N. W. 1020, 4 L. R. A. 793; Tierney v. Minneapolis & St. L. Ry. Co., 33 Minn. 311, 318, 23 N. W. 229, 53 Am. 35; Carlson v. Northwestern Tel. Exch. Co., 63 Minn. 428, 65 N. W. 914; Lundberg v. Shevlin-Carpenter Co., 68 Minn. 135, 70 N. W. 1078; O'Niel v. Great Northern Ry. Co., 80 Minn. 27, 30, 82 N. W. 1086, 51 L. R. A. 532; Bell v. Lang, 83 Minn. 228, 86 N. W. 95; Dixon v. Union Ironworks, 90 Minn. 492, 97 N. W. 375; Jemming v. Great Northern Ry. Co., 96 Minn. 302, 104 N. W. 1079, 1 L. R. A. (N. S.) 696. This accords with the general rule on the subject. Baltimore & O. R. Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, 37 L. Ed. 772; Central R. Co. v. Keegan, 160 U. S. 259, 264, 16 Sup.

Ct. 269, 40 L. Ed. 418; New England R. Co. v. Conroy, 175 U. S. 323, 20 Sup. Ct. 85, 44 L. Ed. 181; State v. Malster, 57 Md. 287; Baltimore v. Neal, 65 Md. 438, 5 Atl. 338; Yates v. McCullough, 69 Md. 370, 16 Atl. 280; Norfolk v. Hoover, 79 Md. 253, 29 Atl. 994, 25 L. R. A. 710, 47 Am. St. 392; Darrigan v. New York, 52 Conn. 285, 52 Am. 590; Indiana v. Parker, 100 Ind. 181; Mast v. Kern, 34 Ore. 247, 250, 54 Pac. 950, 75 Am. St. 580.

The plaintiff contends, however, that one of the duties which the master cannot delegate is that he must use reasonable care to prevent personal injury to his servants, and must not unnecessarily expose them to danger of personal injury, and to that end must direct, supervise, and superintend the work to be done in a reasonably safe and prudent manner, which involves the giving of orders. The person who is performing these duties is a vice principal in the particular case; and here the defendant "is liable solely because of its order and assurance of the foreman, * * * given to the plaintiff just before he was injured, which the plaintiff claims caused him to reach in and pull out the block." It is not made clear how one fellow servant can create a cause of action in favor of another fellow servant against a common master by a conversation of the character stated in the record. The "straw boss" expressed the opinion that he "had hooked the 'S hook' better that time." It may be true, as the plaintiff argues, that this "straw boss," and he alone, was there, and he had charge of the work, and had as much authority to direct and supervise the work being done as the board of directors would have had * * * if it had been there. * * * [He] had all the authority the company itself possessed."

The plaintiff is thus unavoidably led to abandon the vice principal test, and revert to the test of control or authority. This necessity is evident, further, in plaintiff's argument that he did not lose his authority over the "boys" because he gave a helping hand, and that the "boys" were compelled to obey him just the same, whether or not he was holding the hook, and whether or not he had fastened the hook. The evidence shows clearly that the "straw boss" was doing the ordinary work performed by the servants of the defendant in its factory at the time of the accident. If the "straw boss" be regarded as having ordered plaintiff to do as he did, that exercise of control was the act of

a superior servant, not of a vice principal. While engaged with other servants in a common employment of the master, the foreman or boss is a fellow servant, and for his negligence the master is not responsible. Brown, J., in Dixon v. Union Ironworks, 90 Minn. 492, 495, 97 N. W. 375 (a case quite similar to, but not identical with the one at bar).

That a foreman had the power to, and did, direct the progress of the work, and ordered another servant to do a particular thing, in which he was hurt, does not make him a vice principal. Gittens v. William Porten Co., 90 Minn. 512, 97 N. W. 378. In Ling v. St. Paul, M. & M. Ry. Co., 50 Minn. 160, 52 N. W. 378, the plaintiff, a boiler-maker's helper, in the repair shops of defendant, was held to remain a fellow servant when he was directed by the foreman to go to another place and assist in raising a fuel chute into its place by means of a hook. So in Gonsior v. Minneapolis & St. L. Ry. Co., 36 Minn. 385, 31 N. W. 515, the foreman at a roundhouse of a railroad company was held to be a fellow servant of an employee working under him. Gilfillan, C. J., said: "Assuming that it was negligence on the part of the foreman at the round-house to order plaintiff to do the particular thing in which he was hurt, it was the negligence of a fellow-servant." And in Corneilson v. Eastern Ry. Co., 50 Minn. 23, 52 N. W. 224, two men engaged under the direction of a servant of the defendant in blasting rock pursued a slow method. Plaintiff's foreman, Bird, told them to do it differently, but dangerously. It was held that the particulars concerning which negligence can be ascribed to Bird did not pertain to the absolute duty which the defendant owed to the plaintiff as its servant, but were rather matters incident to the mere performance of the servant's duties. To the same effect, see Beilfus v. New York, 29 Hun, 556; Scott v. Sweeney, 34 Hun, 292; Riley v. O'Brien, 53 Hun, 147, 6 N. Y. Supp. 129; Guest v. Edison, 150 Mich. 438, 114 N. W. 226; Crispin v. Babbitt, 81 N. Y. 516, 521, 57 Am. 521; Loughlin v. State, 105 N. Y. 159, 11 N. E. 371. That the direction to plaintiff in this case may have indirectly involved an assurance of safety does not make the boss a vice principal. Galland v. Great Northern Ry. Co., 101 Minn. 540, 111 N. W. 1133.

Affirmed.