. OF

## THE STATE OF IOWA

AT

### DES MOINES, JANUARY TERM, A. D. 1902,

AND IN THE FIFTY-SIXTH YEAR OF THE STATE.

BART A. LANZA v. LEGRAND QUARRY COMPANY, Appellant.

Contributory Negligence: AS MATTER OF LAW. A servant injured
while blasting, alleged that he attempted to clean out an old
blast hole with an iron scraper, and, being unable to do so, in-
serted a steel tamping bar, and struck a concealed and unex-
ploded charge, which caused the injury. Defendant had worked
the quarry for 25 years, and no unexploded charge had ever
been found before, and one of defendant's positive require-
ments was to leave no unexploded charge in the rocks. The
hole in question had been charged three times; the last time
about two weeks ·before, and the charge entirely blown out. .
It was shown that when a hole was charged for blasting it was
filled to the top, or nearly so, with sand. *Held*, to show as a
matter of law that defendant was not guilty of negligence.

NOTE—The figures on the left of the syllabi refer to corresponding figures placed on
the margin of the case at the place where the point of the syllabus is decided.

(299)

**Master and Servant:** IMPLIED ASSURANCE OF SAFETY. An employe engaged in blasting has the right to assume that his employer has exercised ordinary care in providing a safe place to work, and may rely on the implied assurance that the place is safe, but the employer cannot be held as insurer of its safety; and an instruction that the employe has a right to rely on the implied assurance that the place is safe is erroneous.

**Review on Appeal:** CONFLICT IN EVIDENCE. Where there is a conflict in the evidence, the findings of the jury are conclusive.

*Appeal from Marshall District Court.*—HON. G. W. BURNHAM, Judge.

TUESDAY, JANUARY 21, 1902.

PRIOR to his injury the plaintiff had been employed in the defendant's quarry for a number of years as a quarryman. In November, 1897, he, with three others, was working in said quarry under the direction of a foreman. He alleges that at said time the foreman directed one Caputo and himself to leave the particular place where they were then at work, and to go to the top of a ledge or bench of rock in said quarry, and blast the same; that they went to the ledge as directed, and found a hole there, such as was usually used for blasting purposes; that the plaintiff attempted to clean it out with an iron scraper, and, being unable to do so, he inserted a steel tamping bar about three feet long, and while using it it struck a concealed and unexploded charge of dynamite, which exploded, and produced the injury complained of. There was a trial to a jury, and a verdict and judgment for the plaintiff, from which the defendant appeals.—*Reversed.*

*Binford* and *Snelling* for appellant.

*H. A. Kroeger* and *Boardman, Aldrich & Lawrence* for appellee.

SHERWIN, J.—There is a conflict in the evidence as to whether the plaintiff was directed to do the work he was

engaged in at the time he was injured, or whether he voluntarily left his other work to engage therein. The evidence conclusively shows, however, that he and Caputo went to the ledge in question, and there found the old hole which had been drilled for blasting purposes. Caputo says that he explored it, and found it about two feet deep; that he then placed therein a stick of dynamite about an inch long, and pushed it down the hole some six inches, where it stuck; that the plaintiff then took a steel tamping rod, and undertook to force it down by tapping it; that he cautioned him of the danger of so doing, but that he continued until the explosion occurred. On the other hand, the plaintiff claims that there was no obstruction in the hole within two feet of the top; that he did not see Caputo put any charge therein, or know that any was there; and that he received no warning from him. As to these matters the finding of the jury is final. If the plaintiff is entitled to recover at all, his recovery must be based on the finding that there was an unexploded charge in the old hole when he was sent there to work, of which he was not advised, and of which the defendant was or should have been advised; for it is evident that, if the man Caputo placed the explosive substance in the hole after he went there at the time in question, it would be the act of a fellow servant, for which the defendant is in no way liable, for the place was safe when the plaintiff was directed to go there to work. *City of Minneapolis v. Lundin,* 7 C. C. A. 344 (58 Fed. Rep. 525). It is immaterial whether the foreman did or did not direct the use of the old hole in blasting the rock. If he sent these men there with instructions to do that particular work, he should know that they would use the means at hand for doing it, and the evidence shows that he knew of the old hole at that place. Putting aside for the time being the question of the plaintiff's contributory negligence, let us determine what evidence there is of

negligence on the part of the defendant. The rule that the master is bound to use ordinary care and diligence to provide a reasonably safe place for the servant to work is not questioned, and, if the defendant complied with this rule is not liable; otherwise it is. The evidence is undisputed that the defendant had worked this quarry for 25 years; that one of its positive requirements of all quarrymen using explosive was that no unexploded charges of any kind be left in the rock; that if it was not exploded for any reason, it was to be taken out at once; and if it could not be done on the same day it was placed there it must be removed the first thing the following day. It is also undisputed that no unexploded charge of any kind had ever been before found in the quarry. The hole in question had been charged and blown out three times before the accident happened. As to this there is no dispute. The last time it had been charged by any employee of the defendant was two weeks before, and the charge was entirely exploded or blown out. Further than this, it is the undisputed evidence that when a hole is charged for blasting it is filled to the top, or very nearly so, with sand or some other substance, placed on top of the charge; so that, if the plaintiff's testimony be true, that the hole was open two feet deep,—which is about the usual depth of such holes,—there was nothing to indicate to any one that it contained an unexploded charge. If, when the hole was left two weeks before, it was empty,—as the evidence shows without contradiction,—there is absolutely nothing in the record from which an inference, even, can be drawn that an employee of the defendant placed the dynamite therein which caused the explosion; and if it was not put there by one of the defendant's servants, but was put there by a stranger, without the knowledge or consent of the defendant, it certainly is not chargeable with negligence in not discovering it. In *Burke v. Anderson*, 16 C. C. A. 442 (69 Fed. Rep. 814)). cited by the appellee, the evidence tended to show attempts and failure to fire other holes, that

the battery had missed fire before the accident, and that
sticks of unexploded dynamite had been left by their blast-
ing operations previous to the occasion in question.    In
*Neveu v. Sears,* 155 Mass. 303 (29 N. E. Rep. 472), the
evidence also tended to show "that at times during the two
years in which the defendant had worked the quarry un-
exploded cartridges were found remaining in the ledge, and
also in quarried blocks, notwithstanding the means used to
discover and remove them." In both of the above cases the
evidence tended to support the claim that, notwithstanding
the precautions taken by the defendants, accidents of which
they knew had occurred, and under such circumstances it
was held that the negligence of the defendants was a ques-
tion for the jury.    Here the defendant had relied
for   25   years on its instructions and precautions as
to   handling dangerous explosives.    These instructions
and precautions, if attended to by its employes, ren-
dered the work as nearly safe as possible; and, further,
it made every place to which an employee was sent
to work absolutely safe so far as hidden dangers were con-
cerned.    No unexploded charge had ever before been left
in a hole; no place had ever before been found unsafe by reason
of hidden explosives.    Why, then, could not the defendant
safely rely on the extreme care it had taken in this respect?
We think it could, and that it should be said as a matter
of law that it was not guilty of negligence in this case.    The
eighth instruction we think correct.    The Twelfth an-
nounces the correct rule of law as to the duty of
the master.    The thirteenth told the jury that the
plaintiff had the right to rely on the implied insur-
ance that there were no latent defects, etc.    The plaintiff
had the right to assume that the defendant had exercised
ordinary care in providing a safe place to work, and might
rely on the implied assurance that the place was safe; but
the defendant was not the insurer of the place and in this
respect the language of the instruction is wrong.    We dis-

cover no error in rulings on the introduction of the evidence. It is not necessary to discuss the question of the plaintiff's contributory negligence, nor the question of accord and satisfaction.

For the reasons already given, the judgment is RE-VERSED.