[S. F. No. 2317.   Department One.—February 19, 1903.]

WILLIAM H. WALL, Respondent, v. MARSHUTZ & CAN-
TRELL, Appellants.

NEGLIGENCE—MASTER AND SERVANT—SAFETY OF APPLIANCES—DUTY OF
MASTER—FOREMAN AS VICE-PRINCIPAL.—It is the personal duty of
an employer to furnish his employees with reasonably safe and
suitable appliances, and to keep them in a reasonably safe and proper
condition, and this duty cannot be delegated so as to shift the
responsibility to any agent or servant.  Where the duty is devolved
upon the foreman of the work, he is to be deemed a vice-principal,
and not a fellow-servant, as respects the furnishing of safe and suita-
ble appliances.

ID.—SELECTION OF APPLIANCES—APPLICABILITY OF EXCEPTION.—The ex-
ception to the rule. making the master responsible for the safety of
appliances, where it is made the duty of the employees to select
and adjust the appliances, applies only where such selection and
adjustment devolves upon employees generally, one of whom is the
person injured, and not where it devolves exclusively upon the fore-
man of the work.

ID.—CONTRADICTORY INSTRUCTIONS—REQUEST OF APPELLANT.—It is not
material that contradictory instructions were given at the request
of the appellants.

ID.—"SAFE AND SUITABLE" APPLIANCES—INSTRUCTION CONSTRUED.—
The words "safe and suitable," as commonly used, and as used in
an instruction in reference to appliances, mean nothing more than
"reasonably safe and suitable," and it is sufficient that taking the
instructions as a whole the jury must have so understood the phrase.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial.  George H. Bahrs, Judge.

The facts are stated in the opinion.

C. H. Wilson, for Appellants.

The defendants used ordinary care in the selection of a
reasonably safe appliance, which was the only one in general
use.  (*Sapperfield* v. *Main St. etc. R. R. Co.*, 91 Cal. 48, 57.)
Where the employees are to select and adjust appliances, the
master is not responsible.  (*Ling* v. *St. Paul etc. Ry. Co.*, 50
Minn. 160, 162; *Van Den Heuvel* v. *National Furnace Co.*,
84 Wis. 636; *Burns* v. *Sennett*, 99 Cal. 363, 367; *Noyes* v.

*Wood,* 102 Cal. 389, 392, 393; *Callan* v. *Bull,* 113 Cal. 593, 602; *Donnelly* v. *Bridge Co.,* 117 Cal. 417-423; *Weber* v. *Piper,* 109 N. Y. 496-499; *Johnson* v. *Towboat Co.,* 135 Mass. 209, 211;[1] *Harms* v. *Sullivan,* 1 Ill. App. 251; *Kelley* v. *Norcross,* 121 Mass. 509; *Zeigler* v. *Day,* 123 Mass. 152; *Floyd* v. *Suyden,* 134 Mass. 563; *Allen* v. *Smith etc. Co.,* 160 Mass. 557.)   The master is not responsible for the negilgence of a fellow-servant.   (Civ. Code, sec. 1970; *Fisk* v. *Central Pac. R. R. Co.,* 72 Cal. 38-42;[2] *Brown* v. *Central Pac. R. R. Co.,* 72 Cal. 524-526; *Stephens* v. *Doe,* 73 Cal. 26-28; *Kevern* v. *Providence etc. Min. Co.,* 70 Cal. 392-394; *Congrave* v. *Southern Pacific R. R. Co.,* 88 Cal. 360-364; *Fagundes* v. *Central Pac. R. R.,* 79 Cal. 97-99; *Trewatha* v. *Buchanan etc. Co.,* 96 Cal. 495-498; *Daves* v. *Southern Pacific Co.,* 98 Cal. 19-21;[3] *Burns* v. *Sennett,* 99 Cal. 363-367; *Stevens* v. *San Francisco etc. R. R. Co.,* 100 Cal. 554-567; *Vizelich* v. *Southern Pacific Co.,* 126 Cal. 587-589.)   The court gave contradictory instructions, which is ground for reversal. (*Brown* v. *McAllister,* 39 Cal. 573-577; *Haight* v. *Vallet,* 89 Cal. 245-249;[4] *People* v. *Valencia,* 43 Cal. 552-556; *McCreery* v. *Everding,* 44 Cal. 246-251; *Black* v. *Sprague,* 54 Cal. 266-271; *People* v. *Pearne,* 118 Cal. 154-158.)

Reinstein & Eisner, for Respondent.

The duty of the master to furnish his servants with safe and suitable appliances is personal, and cannot be delegated so as to relieve the master from liability for its negligent performance.   A fellow-servant to whom it is delegated becomes a vice-principal.   (*Sanborn* v. *Madera Flume etc. Co.,* 70 Cal. 265-266; *Daves* v. *Southern Pacific Co.,* 98 Cal. 24;[3] *Elledge* v. *National etc. Ry. Co.,* 100 Cal. 289-291;[5] *Nixon* v. *Selby Smelting etc. Works,* 102 Cal. 463; *McNamara* v. *MacDonough,* 102 Cal. 582; *Mullin* v. *California etc. Co.,* 105 Cal. 83; *Higgins* v. *Williams,* 114 Cal. 181-186; *Donnelly* v. *San Francisco Bridge Co.,* 117 Cal. 423, 424; *Clowdis* v. *Fresno Flume etc. Co.,* 118 Cal. 321.[6])   The selection of the clamp by the foreman was the act of the defendants, and not

[1] 46 Am. Rep. 458.

[2] 1 Am. St. Rep. 22, and note.

[3] 35 Am. St. Rep. 133.

[4] 23 Am. St. Rep. 465.

[5] 38 Am. St. Rep. 290.

[6] 62 Am. St. Rep. 238.

of a fellow-servant. (*Lund* v. *Hersey Lumber Co.*, 41 Fed. 203; *Mullan* v. *Philadelphia etc. S. S. Co.*, 78 Pa. St. 30, 32;[1] *Cincinnati etc. R. R. Co.* v. *McMullen*, 117 Ind. 442-444;[2] *Butler* v. *New York etc. R. R. Co.*, 58 N. Y. Supp. 1062, 1063; 42 App. Div. 280; *Pennsylvania etc. R. R. Co.* v. *La Rue*, 81 Fed. 151; *Benzinger* v. *Steinway*, 101 N. Y. 551, 557; *Bernardi* v. *New York etc. R. R. Co.*, 29 N. Y. Supp. 230, 231; 78 Hun, 454.) The appellant cannot complain of any conflict in instructions which is due to erroneous instructions given at his request. (*Sierra etc. Water Co.* v. *Baker*, 70 Cal. 572; *Dennison* v. *Chapman*, 105 Cal. 458; *Williams* v. *Southern Pacific R. R. Co.*, 110 Cal. 462; *Lobdell* v. *Hall*, 3 Nev. 468; *St. Joseph etc. R. R. Co.* v. *Grover*, 11 Kan. 302; *Carroll* v. *People*, 136 Ill. 457; *Reardon* v. *Missouri Pacific Ry. Co.*, 114 Mo. 385.)

SMITH, C.—This is a suit for damages for personal injuries suffered by the plaintiff, resulting in the amputation of a leg, alleged to have been caused by the negligence of the defendants. The case was tried by a jury, who found for the plaintiff in the sum of five thousand dollars, and judgment was entered accordingly. The defendants appeal from the judgment and from an order denying their motion for new trial. The principal questions in the case are as to the sufficiency of the evidence to show negligence on the part of the defendants and as to certain instructions of the court, with reference to which the case is as follows:—

The defendants, who are proprietors of a general foundry, machine, and iron business, were engaged at the time of the accident to the plaintiff in manufacturing what is called by the witnesses an evaporator, which is described as being in the form of a cube of twelve feet dimensions, with a dome on top, the sides being composed of rectangular cast-iron plates, one inch thick, and four by six feet lateral dimensions, with flanges of the same thickness, four inches wide, for use in riveting them together, each plate weighing about thirteen hundred pounds. These, in order to mark the places of the holes for riveting, it was necessary to put in position on the bottom plates, which had been riveted together; and for this purpose the instrument used for lifting, as described by the

[1] 21 Am. Rep. 2.        [2] 10 Am. St. Rep. 67.

witness Cantrell, was an "iron clamp" attached by a "chain sling" to "a chain block and fall." By this means, seven of the eight lower side plates had been placed, and the remaining plate was being lowered into position, when it fell, occasioning the injury to the plaintiff complained of. The clamp is somewhat in the shape of a horseshoe, one prong being fitted with a screw, passing through it, designed to press the object lifted against the other prong, so as to hold it by friction; and in this case there were interposed between the plate and screw a block of wood, called a "distance" or "space block," and a piece of iron next the screw. There was no breakage of the clamp or other part of the tackle, but the plate simply slipped from the clamp, the friction being insufficient to hold it. The plaintiff was one of a gang of four men working under the superintendence of one Welsh, the foreman of the gang, whose duties, as described by himself and by Cantrell, one of the defendants, were to do all the rigging in the shop, and to move all the heavy things, and upon whom devolved exclusively the duty of selecting the tools for doing the work from among those furnished by the company. As to the facts of the case, there was evidence tending to show that a clamp of the kind used was not a proper instrument for the lifting of so heavy a weight; that the particular clamp used was defective; and that the injury thus resulted; and these facts must therefore be regarded as established by the verdict. But it is claimed by the appellant, and for the purposes of the decision it will be assumed, that all the ordinary and usual appliances for lifting weights were to be found in the tool-room of the defendants' establishment; and upon this state of facts, it is contended, that the negligence from which the accident resulted, if any, was that of Welsh, in selecting the particular clamp used from the appliances furnished him by the defendants, and hence was the negligence of a fellow-servant, with which the defendants were not chargeable. The question is thus presented, whether, with regard to the duties devolved upon Welsh by the defendants of selecting the tools or appliances for the work in hand, he is to be regarded as a fellow-servant of the men working under him, or (to use a common expression) as a vice-principal. The court took the latter view, and, in effect, instructed the jury that it was immaterial whether the

appliance used was furnished by the defendants personally or by their employee Welsh; and that "in either case the furnishing of such unsafe appliance would be the negligence of the defendants, for the reason that the duty of the employer to furnish the employee with safe and suitable appliances is a personal one, and cannot be delegated so as to shift the responsibility to any agent or servant, . . . ; [that] the defendants cannot avoid the responsibility for such negligence on the ground that it was the negligence of a fellow-servant; for in so far as the duty to furnish reasonably safe and suitable appliances is concerned, the employee furnishing said appliance was not under the law a fellow-servant of the plaintiff, although as to the performance of other services he may have been a fellow-servant of plaintiff." The general principle "that an employer must furnish machinery and appliances reasonably suitable and safe for the employee to do the work" is not disputed by the appellant, but it is claimed that the rule does not apply to a case where several persons are employed to do certain work, and by the contract of employment, either express or implied, the employees are to adjust (by which we suppose is meant, "select and adjust") the appliances by which the work is to be done; and this contention (construed as above) may be admitted. (*Burns* v. *Sennett,* 99 Cal. 363, 368; *Nixon* v. *Selby Smelting etc. Co.,* 102 Cal. 464, 465; *Callan* v. *Bull,* 113 Cal. 604; *Ling* v. *St. Paul etc. Ry. Co.,* 50 Minn. 160-162; *Van Den Heuvel* v. *National Furnace Co.,* 84 Wis. 636.) But the principle stated applies only to cases where the selection of the tools used in the work devolves upon the employees engaged in the work generally, one of whom is the person injured, and not where it devolves exclusively upon the foreman of the work. (*Kerrigan* v. *Market St. Ry. Co., ante,* p. 506, and cases cited in respondent's brief.) The instruction, we think, was correct. Nor is the fact material that contradictory instructions were · given at the request of the defendants. (*Dennison* v. *Chapman,* 105 Cal. 458; *Williams* v. *Southern Pacific R. R. Co.,* 110 Cal. 462.) Nor was it error for the court to instruct the jury as to "the duty of the employer to furnish his employee with safe and suitable appliances," etc. The words "safe and suitable," as commonly used, mean nothing more than "reasonably safe and suitable,"—

the expression used in the instruction next following and other instructions; and taking the instructions as a whole, the jury must so have understood the phrase. (For example of this use, see *Nixon* v. *Selby Smelting etc. Co.,* 102 Cal. 463.) Nor did the court err in instructing the jury as to the duty of keeping the tools and appliances in a reasonably safe and proper condition, etc. This instruction was not only correct, but applicable to the case as shown by the evidence.

Other rulings of the court are objected to; but if any of them are erroneous, they relate to matters of too trivial character to have in any way affected the result.

We advise that the judgment and order appealed from be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Shaw, J., Angellotti, J., Van Dyke, J.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.