JOSEPH J. KRONZER v. SPENCER-KELLOGG COMPANY and Another.[1]

January 7, 1910.

Nos. 16,300—(135).

**Master's Liability for Act of Incompetent Servant.**

It is the duty of a master to use reasonable care to select competent employees, and where a master neglects such duty he is liable to another of his employees, injured by the fault of the incompetent servant.

**Fellow Servant.**

Whether or not a workman is the fellow servant of another workman depends upon the character of the act performed, which may be a question for the jury.

**Duties of Master Which Cannot Be Delegated.**

The selection of competent servants and the determination of the particular work to be performed by each are duties of the master, which cannot be delegated by him, so as to avoid liability for their negligent performance.

Action against defendant corporation and Harry Lesard in the district court for Hennepin County to recover $10,000 for personal injuries. The complaint alleged, inter alia, that defendant Lesard was a vice principal of defendant corporation; that it was plaintiff's duty to obey his orders, but at first he refused to obey defendants' order to go to work in the bottom of the water tower, and in order to induce him to work there, the defendants assured him that there was a method whereby boards to be used by him could be let down from the top into the tower by which the boards could not slip out from the hitch of the rope and fall upon plaintiff, and defendants promised plaintiff, to induce him to comply with the order, that they would not permit any boards to be let down into the tower over plaintiff's head without the use of a timber hitch. The separate answer of defendant corporation alleged plaintiff's assumption of all the risks of his work.

The case was tried before Dickinson, J., who at the close of the

[1]Reported in 124 N. W. 6.

testimony, directed a verdict in favor of defendant corporation. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Jay W. Crane* and *Larrabee & Davies,* for appellant.

*Cobb & Wheelwright* and *John I. Dille,* for respondents.

O'BRIEN, J.

The plaintiff was engaged as a carpenter in lining or sealing with wood a cooling or water tower being constructed by the defendant corporation. At first the necessary materials were brought in through an opening at the bottom of the tower; but when, in the progress of the work, this had been closed, it was necessary to lower the material from the top, a distance of about thirty feet. The plaintiff, an experienced man, had been employed as a carpenter by the general superintendent and placed at work with other carpenters, one of whom was the defendant Lesard, whom the plaintiff claims was a carpenter foreman. This is denied by the corporation, which claims that Lesard was merely one of the carpenters employed upon the work. Lesard, to some extent, directed the plaintiff in his work, and, while denying that he was a foreman, he said: "I thought I was a foreman in a way." The testimony shows that, while Lesard performed the duties of an ordinary carpenter, he at the same time exercised some supervision over the other men engaged upon the tower. After it became necessary to lower the required boards from the top of the tower, the plaintiff made some objection to continuing the work in that manner. It does not clearly appear what objection was made, but he testified that Lesard said: " 'I'm going to let them down myself,' and he said, 'I will let them down right with a timber hitch.' " And again: " 'If I don't let them down, whoever will I will instruct to let them down with the timber hitch.' " The timber hitch was described as a knot or method of tying the rope which tightens with additional weight, and, when used, prevented the slipping of the boards.

During the time that Lesard performed this work no accident resulted; but upon the following day he intrusted the work of lowering the boards to a laborer named Osga, who, instead of using the timber hitch, passed the rope around the boards, catching it

with a hook attached to the end of the rope, and at about the third lowering of boards one slipped from the noose so made, and struck and injured the plaintiff. Osga testified that he was "just a laborer," was hired by one Murphy, who "was foreman as far as I know. * * * Murphy sent me to help the carpenters, and Lesard gave me the orders what to do." Further, that he did not know how to make a timber hitch, and that Lesard did not instruct him how to do so. At the conclusion of the evidence the court directed a verdict in favor of the defendant company. Plaintiff appeals from the order denying a new trial.

The plaintiff insists that Lesard was a vice principal, for whose neglect the defendant company is responsible. The company, upon the other hand, contends that he was a fellow servant of the plaintiff, and that no recovery can be had against it for his negligence.

1. The plaintiff was required to work in a place of considerable hazard. It was the duty of the defendant company to use reasonable care to make such place as safe as possible, which included providing competent persons to perform such portions of the work as were directly connected with the hazards which the plaintiff was compelled to encounter. The testimony was sufficient to sustain a finding by the jury that Osga was an unfit person to perform the duties with which he was charged, and it is difficult to see how the defendant company can avoid the responsibility of intrusting the lowering of the boards to him, if he was in fact incompetent. He testified that he was sent by the foreman, Murphy, to Lesard, who ordered him what to do. While the mere right to give directions to the men working with him might not constitute Lesard a vice principal, if the determination of the competency of Osga was left with him, he would be such vice principal in the performance of that duty. Pasco v. Minneapolis Steel & M. Co., 105 Minn. 132, 117 N. W. 479.

2. Prior to the time of the accident Osga had been employed in raising lumber to the roof of one of the buildings, and in doing so had used the rope and hook already described, from which the board slipped. He was not a carpenter, and, according to his testimony, was not employed as such; so it is only a fair inference that

the foreman, Murphy, sent him to Lesard for the purpose of lowering the boards into the tower. Even if we accept the respondents' contention that Lesard, under all the circumstances, must be held to have been a fellow servant of the plaintiff, we are still of the opinion that the district court erred in directing judgment for the defendant because the testimony would ·have sustained a finding that the person selected to lower the timber into the tower, at the bottom of which the plaintiff was working, was unfit and incompetent for such employment, and the assurances given the plaintiff by Lesard were at least sufficient to show that he was not guilty of contributory negligence, as a matter of law, in continuing his work, and that he did not, as a matter of law, assume the risk incident to the improper method of adjusting the rope to the boards.

3. It is not necessary to determine whether the defendant company would be liable if, while Lesard was himself lowering the lumber, he had negligently adjusted the rope, nor whether such liability would exist solely because of the failure upon the part of Lesard to instruct Osga. · The evidence made a case for the jury as to Osga's competency, his original employment, how he came to perform the particular work he was engaged upon at the time of the accident, and what authority had actually been conferred upon Lesard. If Osga did this work at the defendant company's direction, or at the command of some person clothed with authority to determine his competency and direct his movements, it was for the jury to say whether it was negligence to intrust him with that particular work, involving so much hazard to the men at the bottom of the tower, without first performing the affirmative duty of giving him full instructions. Morrow v. St. Paul City Ry. Co., 71 Minn. 326, 73 N. W. 973. If, without such instructions, he was directed to place himself under the orders of Lesard, that was a delegation by the company to Lesard of its duty in selecting competent servants and giving them proper instructions, in the performance of which Lesard, if in fact he had been clothed with such direction and authority, was not a fellow servant of the plaintiff within the rule that the common master of both would not be liable to the plaintiff for injury to him caused by the negligent act of Lesard.

Perras v. A. Booth & Co., 82 Minn. 191, 84 N. W. 739, 85 N. W. 179; Borgerson v. Cook Stone Co., 91 Minn. 91, 97 N. W. 734; Dixon v. Union Ironworks, 90 Minn. 492, 97 N. W. 375.

Order denying new trial reversed.